Filed 12/19/23  Plastipak Packaging v. Staffing Solutions CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PLASTIPAK PACKAGING, INC., et al., | F085290 |
| Cross-complainants and Appellants, | |
| v. | (Super. Ct. No. CV-18-002438) |
| STAFFING SOLUTIONS, INC., et al., | **OPINION** |
| Cross-defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Stanislaus County.  John D. Freeland, Judge.

Cummings, McClorey, Davis, Acho, & Associates and Ryan D. Miller for Plaintiffs and Appellants.

De La Housaye & Associates, Angela De La Housaye, Lindsay Rae Meyer and Josh P. Davis for Defendants and Respondents.

-ooOoo-

Staffing Solutions, Inc. (SSI) entered into a contract with Plastipak Packaging, Inc. (Plastipak), whereby SSI agreed to supply temporary workers to Plastipak.  One of those workers brought a sexual harassment lawsuit against Plastipak and Plastipak employee,

Ovidio Barahona, who was her supervisor. Plastipak and Barahona (collectively, cross-complainants) cross-complained against SSI and Balance Staffing Workforce LLC (BSW) (collectively, cross-defendants), alleging cross-defendants breached the contract by refusing to indemnify them with respect to the worker's lawsuit and failing to insure Plastipak. The trial court sustained cross-defendants' demurrers to causes of action for express contractual indemnity, implied indemnity, and equitable indemnity, without leave to amend, and granted summary judgment on the remaining causes of action for breach of contract and declaratory relief.

On appeal, cross-complainants contend the trial court erred in sustaining the demurrer and granting summary judgment. They also ask us to consider a postjudgment defense jury verdict entered following trial on the worker's sexual harassment complaint as evidence that cross-defendants are required to indemnify them. We decline to consider the jury verdict and find no merit to cross-defendants' other contentions. Therefore, we affirm the judgment.

<u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

On October 20, 2016, SSI, doing business as Balance Staffing, and Plastipak entered into an "AGREEMENT FOR TEMPORARY WORKERS" (the contract), by which SSI would "furnish to PLASTIPAK such personnel management services as PLASTIPAK may request, to operate its business."

Section 3(c) of the contract provided: "[SSI] will indemnify and hold harmless PLASTIPAK from any and all penalties, fines, expenses or other damages or injury (including but not limited to death), including reasonable attorneys' fees, assessed against or incurred by PLASTIPAK as a result of [SSI]'s or [SSI]'s employees' negligent acts, omissions, willful misconduct."

Section 5 of the contract required SSI to "provide PLASTIPAK with certificates of insurance evidencing effective insurance policies from an[] insurance company with an AM Best rating of A and financial size of VIII covering the temporary employees (i.e.,

2.

workers compensation insurance) as well as general liability insurance for $1,000,000.00 per occurrence and $2,000,000.00 in the aggregate, with a 30 day notice of cancellation and PLASTIPAK being named as an additional insured party."

***Stelmach's Complaint***

SSI's employee, Anastazja Stelmach, filed her complaint against Plastipak and Barahona in August 2018. The complaint alleged that in April 2018, Stelmach was assigned to work at a Plastipak warehouse where Barahona, a Plastipak employee, was her supervisor. Stelmach alleged that while working at Plastipak, Barahona and another Plastipak employee sexually harassed her, and on one occasion Barahona sexually assaulted her. Immediately after the alleged sexual assault, Stelmach left Plastipak's warehouse to file a police report.

Stelmach's complaint alleged six causes of action: (1) constructive discharge in violation of public policy against Plastipak; (2) a Fair Employment and Housing Act (FEHA) claim for failure to prevent, investigate, and remedy harassment against both defendants; (3) strict liability sexual harassment against Plastipak; (4) quid pro quo sexual harassment against both defendants; (5) sexual harassment against Barahona; and (6) sexual battery under Civil Code section 1708.5 against both defendants.

***The Cross-Complaint***

Plastipak and Barahona subsequently filed a cross-complaint against SSI for (1) express contractual indemnity, (2) implied indemnity, (3) equitable indemnity, (4) breach of contract, and (5) declaratory relief. The cross-complaint alleged that Stelmach alleged causes of action against cross-complainants "for issues related to and covered" by the contract between Plastipak and SSI.

As pertinent here, in the express contractual indemnity claim, cross-complainants alleged that pursuant to the contract SSI "agreed to defend, indemnify and hold PLASTIPAK harmless for any claim, loss, damage, cost charge, expense, lien, settlement or judgment, including interest thereon, arising directly or indirectly with [SSI]'s …

3.

performance of the contract or in connection with the performance of the work." Cross-complainants alleged SSI was obligated to indemnify and hold Plastipak harmless from any sums Plastipak may be required to pay Stelmach and had a duty to defend Plastipak.

In the implied indemnity claim, cross-complainants alleged that if they were held liable to Stelmach, SSI also was at fault in causing Stelmach's injuries; therefore, SSI was obligated to indemnify cross-complainants for sums they may be compelled to pay in Stelmach's lawsuit and for their attorney fees incurred in defending that action. The equitable indemnity claim alleged the events and damages referred to in Stelmach's complaint were proximately caused by SSI's misconduct; therefore, cross-complainants were entitled to a declaration of the parties' percentages of fault and to be indemnified based on comparative indemnity principles.

In the breach of contract claim, cross-complainants alleged SSI breached the contractual provision that required SSI to maintain an effective general liability policy for $1 million per occurrence and $2 million in aggregate, with a 30-day notice of cancellation and Plastipak being named an additional insured, by failing to maintain the policy and name Plastipak as an additional insured. Cross-complainants also alleged SSI breached the contractual indemnity provision by failing to defend and indemnify Plastipak.

Cross-complainants subsequently filed a Roe amendment adding BSW as a cross-defendant.

### The Demurrers to the Cross-complaint

SSI and BSW each filed a demurrer to the cross-complaint. In SSI's demurrer, SSI argued the cross-complaint failed to state a claim for express contractual indemnity because it did not cite to any portion of the contract that supported the allegation that SSI agreed to defend and indemnity Plastipak for any claim arising with SSI's performance of the contract and the contract did not support this allegation. SSI further argued the cross-complaint did not allege any facts that would trigger a duty to indemnify Plastipak and

4.

Barahona was not a party to the contract. SSI contended cross-complainants could not state a claim for implied indemnity because it is now a form of equitable indemnity, which claim failed because there were no factual allegations that SSI was at fault for causing or proximately causing Stelmach's injuries.

In BSW's demurrer, BSW argued it could not be liable for express or implied indemnity, or breach of contract because it did not have a contractual relationship with Plastipak, and the equitable indemnity claim failed because the cross-complaint did not allege any facts to support the allegation that it was at fault for causing Stelmach's injuries.

In opposing SSI's demurrer, cross-complainants argued with respect to the contractual indemnity claim that they were relying on the contract's provisions requiring SSI to indemnify Plastipak from any expenses it incurred " 'as a result of [SSI]'s or [SSI]'s employees' negligent acts, omissions, willful misconduct' " and to " 'indemnify, defend and hold PLASTIPAK harmless for the violation' " of any employer-employee related laws under which SSI may be liable. Cross-complainants argued the alleged facts suggested Plastipak "incurred injury as a result of SSI's employee's negligent acts, omissions, or willful misconduct" and SSI violated employee-employer laws. Barahona argued he was entitled to indemnification under the contract because he was sued in his capacity as an employee and agent of Plastipak, but if not, the other alleged theories of indemnification applied to him.

With respect to implied indemnity, cross-complainants argued it adequately pled the claim because if Stelmach engaged in wrongdoing, SSI was liable under vicarious liability and negligent hiring legal theories, and if the factfinder ultimately finds sexual conduct was consensual or never happened, then Stelmach would be at least partially at fault. Cross-complainants asserted they sufficiently pled a cause of action for equitable indemnity because if Stelmach willfully engaged in sexual touching with Barahona, maliciously and willfully lied about his actions, or was mistaken about what occurred,

5.

then Barahona was an innocent party, and as Stelmach's employer, SSI was directly responsible for her actions and a trier of fact could assess SSI's comparative fault.

In their opposition to BSW's demurrer, cross-complainants asserted BSW's liability derived from SSI's liability, therefore, if SSI was liable BWS also was liable. Cross-complainants asserted that SSI and BSW's corporate veil had been pierced and BSW was SSI's alter ego. Cross-complainants asked the court to take judicial notice of SSI's and BSW's articles of incorporation and statements of information.

In its reply, SSI asserted the bulk of the opposition was based on the assertion that by Stelmach filing her complaint against cross-complainants, SSI had wronged and injured them. SSI contended this argument was preempted by the litigation privilege of Civil Code section 47, subdivision (b) and the constitutional right to petition.

The trial court sustained SSI's demurrer to all three indemnity claims. The trial court found the express contractual indemnity cause of action failed "to allege facts that give rise to express indemnity obligations arising out of this action under the relevant agreement" and granted leave to amend that claim. It sustained the demurrer to the implied and equitable indemnity causes of action without leave to amend, finding they were "inappropriate in this context" as the parties had expressly contracted with respect to the duty to indemnify. The trial court overruled the demurrer to the breach of contract and declaratory relief causes of action. The trial court sustained the demurrer in its entirety as to Barahona with leave to amend as he did not have standing to bring the stated claims based on the contract between SSI and Plastipak.

The trial court sustained BSW's demurrer with leave to amend, finding that the cross-complaint lacked factual allegations supporting the assertion of the stated causes of action against BSW. The trial court noted that while cross-complainants were claiming BSW was liable under a theory of alter ego liability, no allegations supporting that theory were alleged in the complaint.

### The First Amended Cross-Complaint

Cross-complainants filed a first amended cross-complaint (FACC) which asserted the same five causes of action alleged in the cross-complaint. Cross-complainants alleged Stelmach's allegations against them were "unfounded and improper" and her "complaint is properly characterizable as a negligent act, omission, and/or willful conduct." In the express contractual indemnity claim, cross-complainants alleged SSI and BSW, as SSI's alter ego, had a contractual duty to indemnify Plastipak for costs related to Stelmach's lawsuit.

Cross-complainants asserted implied and equitable indemnity claims against BSW, in which they alleged that in the event they were held liable to Stelmach, BSW also was at fault for causing Stelmach's injuries and was comparatively liable for Stelmach's damages. The breach of contract and declaratory relief claims remained the same except for adding BSW's name as a cross-defendant in those claims.

### The Demurrer to the FACC

Cross-defendants filed a joint demurrer to the FACC, arguing it failed to cure the defects addressed in the trial court's ruling. With respect to the express contractual indemnity claim, cross-defendants again argued the assertion that Stelmach injured cross-complainants by filing her complaint against them was preempted by the litigation privilege and the constitutional right to petition.

In opposing the demurrer, cross-complainants pointed out the FACC alleged "they were injured by Mrs. Stelmach's negligent act, omission, and/or willful conduct when she lied or filed a complaint based on incorrect facts," which triggered the contractual provision in which SSI agreed to indemnify Plastipak from any damages or injuries assessed against or incurred by Plastipak due to SSI's "employees' negligent acts, omissions, and willful misconduct." Cross-complainants asserted the FACC clarified "Stelmach improperly is accusing Mr. Barahona of something that did not happen or

7.

happened consensually, which triggers the 'negligent acts, omissions, and willful misconduct,' provision of the Contract."

Cross-complainants contended SSI and BSW could not assert the litigation privilege because they did not own the privilege and they were outside its scope and purpose. Cross-complainants asserted Barahona could maintain a claim for contractual indemnity because if SSI is required to indemnify Plastipak and Plastipak is required to indemnify Barahona, "an indemnity chain is created whereby [SSI] must also indemnify Defendant Barahona." Cross-complainants recognized the trial court sustained the demurrer to the implied and equitable indemnity causes of action with regard to SSI but they asserted "no such stipulation" was made regarding BSW, and if BSW is not an alter ego of SSI, these indemnity claims were actionable against BSW.

The trial court sustained the demurrer to the first cause of action for express contractual indemnity without leave to amend. The trial court clarified that its prior ruling on the claims for implied and equitable indemnity should have applied against BSW, as well as SSI, and those causes of action do not state facts that support such claims against them. The trial court denied leave to amend those claims. The trial court sustained the demurrer as to Barahona in its entirety without leave to amend, as the FACC failed to allege sufficient facts to support his standing to bring the claims based on the contract between SSI and Plastipak. The trial court overruled the demurrer to the breach of contract and declaratory relief claims as to SSI and BSW, finding the FACC alleged sufficient facts to show alter ego liability.

### *The Summary Judgment Motion*

Cross-defendants filed a motion for summary judgment on the remaining two causes of action for breach of contract and declaratory relief. The motion asserted the only remaining claim for breach of contract was based on the insurance coverage provision, and the evidence demonstrated: (1) SSI did not breach the contract because it properly maintained the requisite insurance policy; (2) BSW was not liable for breach of

8.

contract because BSW's liability was derivative of SSI's liability; and (3) without a breach of contract claim, the cause of action for declaratory relief was untenable.

In their opposition, cross-complainants asserted they could not address the motion's merits because discovery was pending that they needed to perfect their arguments. They requested a continuance pursuant to Code of Civil Procedure section 437c(h) so they could conduct discovery. The trial court granted the request for a continuance and directed the parties to submit supplemental opposition and reply briefs.

Cross-complainants subsequently filed their opposition to the summary judgment motion. They asserted there was a triable issue of fact on whether SSI breached the contract by not indemnifying Plastipak, as the deposition testimony of the only known third-party witness showed the assault did not occur and Stelmach was lying. Cross-complainants argued because Stelmach was lying, her complaint constituted "willful misconduct," which contractually obligated cross-defendants to indemnify Plastipak.[1]

Cross-complainants also argued SSI failed to shift the burden to respond to the motion to Plastipak because SSI failed to provide the entire general commercial liability policy naming Plastipak as an additional insured party. To support this assertion, Plastipak relied on a declaration from "expert witness" Gail Ann Stargardter, in which she opined that while SSI provided evidence Plastipak was added to the general commercial coverage part of the policy, it was impossible to determine whether SSI complied with the contract because SSI failed to provide evidence Plastipak was added to the additional coverage parts of the policy. Finally, Plastipak requested a continuance if the trial court were inclined to grant the motion, as discovery was still outstanding.

---

[1]     In a footnote, Plastipak asserted "[c]ross-complainants are not trying to rehash the indemnity issue in this brief. But SSI failing to indemnify someone they contracted to indemnify is a breach. The indemnity cause of action is a separate cause of action from a breach of contract for failing to indemnify. And this separate cause of action will be separately argued in a forthcoming motion."

9.

In their reply brief, cross-defendants asked the court to disregard Plastipak's attempt to create triable issues of fact on the purported revival of a contractual indemnity cause of action, as the trial court narrowed the remaining issues to whether SSI breached the contract regarding the provision of insurance coverage. Cross-defendants asserted they presented evidence on the only remaining issues. They filed objections to some of Plastipak's evidence, including objections to portions of Stargardter's declaration.

Following argument on the summary judgment motion by counsel for the parties, the trial court granted summary judgment. The trial court found Plastipak could not establish its breach of contract claim because the undisputed evidence showed cross-defendants complied with the contract's requirement to provide general liability insurance covering Plastipak as an additional insured and, consequently, there was no justiciable controversy to support the declaratory relief claim. The trial court ruled on cross-defendants' objections to Plastipak's evidence and found Stargardter's declaration was inadmissible based on a previous ruling made in connection with cross-defendants' motion regarding Stargardter's deposition that cross-complainants decided not to disclose her as a retained expert.

Judgment was entered in favor of SSI and BSW, and against Plastipak and Barahona on November 8, 2022.

## DISCUSSION

### I.    The Demurrer

We begin by addressing cross-complainants contention that the trial court erred in sustaining demurrers to the indemnification causes of action.

#### A.    *Standard of Review*

"A demurrer tests the legal sufficiency of the factual allegations in a complaint." (*Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 558.) "When a demurrer is sustained, appellate courts conduct a de novo review to determine whether the pleading alleges facts sufficient to state a cause of action under any possible

10.

legal theory." (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1242.) "When conducting this independent review, appellate courts 'treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law.' " (*Esparza v. Kaweah Delta Dist. Hospital* (2016) 3 Cal.App.5th 547, 552.) We also consider documents attached to the complaint as exhibits: "If the recitals in those documents are inconsistent with the allegations of the complaint, the recitals take precedence, and we disregard allegations inconsistent with the unambiguous text of the documents." (*Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 714, fn. 6.) " ' "We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale." ' " (*Ramirez v. Tulare County Dist. Attorney's Office* (2017) 9 Cal.App.5th 911, 924.)

Whether the trial court should have granted leave to amend "is reviewed under the abuse of discretion standard, although error is shown if there is any reasonable probability an amendment that cures the defect can be made. Appellants bear the burden on appeal of showing a reasonable possibility exists that the complaint can be successfully amended." (*Fischer v. Time Warner Cable Inc.* (2015) 234 Cal.App.4th 784, 790.) Cross-complainants may make this showing for the first time on appeal, but to satisfy their burden they " 'must show in what manner [they] can amend [their] complaint and how that amendment will change the legal effect of [their] pleading.' " (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

## B.    *Express Contractual Indemnity*

The FACC alleged because either "no sexual contact" occurred between Stelmach and Barahona or "any sexual contact" was consensual, Stelmach's allegations against cross-complainants were "unfounded and improper." On that basis, the FACC alleged Stelmach's complaint was a "negligent act, omission, and/or willful conduct" which triggered the contract's indemnification provision requiring SSI to indemnify Plastipak

11.

for damages and attorney fees "assessed against or incurred by [Plastipak] as a result of [SSI]'s [or] [SSI]'s employees' negligent acts, omissions, willful misconduct."

On appeal, cross-complainants argue that at a minimum the express contractual indemnity claim should have survived demurrer. Cross-complainants reason that because SSI contractually agreed to indemnify Plastipak if SSI's employees commit negligent acts, omissions, or willful misconduct that harm Plastipak, including conduct directed at Plastipak, and the FACC alleged the claimed sexual contact did not occur, Stelmach may have been "lying about her complaint" and therefore committed negligent acts or misconduct within the meaning of the indemnification clause.

Indemnity "refers to 'the obligation resting on one party to make good a loss or damage another party has incurred.' " (*Prince v. Pacific Gas & Electric Co.* (2009) 45 Cal.4th 1151, 1157.) An obligation to indemnify " 'may arise by virtue of express contractual language establishing a duty in one party to save another harmless upon the occurrence of specified circumstances.' " (*Smoketree-Lake Murray, Ltd. v. Mills Concrete Construction Co.* (1991) 234 Cal.App.3d 1724, 1735–1736 (*Mills Concrete*).) This is called express indemnity.

With express indemnity, the scope of the indemnity obligation is governed by the contractual language, not by equitable considerations. (*Mills Concrete*, *supra*, 234 Cal.App.3d at p. 1737.) "Express indemnity reflects 'its contractual nature, permitting great freedom of action to the parties in the establishment of the indemnity arrangements while at the same time subjecting the resulting contractual language to established rules of construction.' " (*Id.* at p. 1736.) For example, the parties are free to require that one indemnify another even for losses caused by acts outside the control of the indemnitor. (*Continental Heller Corp. v. Amtech Mechanical Services, Inc.* (1997) 53 Cal.App.4th 500, 505.) In other words, not every "cause of action for indemnity requires a showing of fault on the part of the indemnitor." (*Ibid.*)

12.

In general, an agreement that one party to a contract will indemnify the other under specified circumstances "is construed under the same rules as govern the interpretation of other contracts.  Effect is to be given to the parties' mutual intent ([Civ. Code, ]§ 1636), as ascertained from the contract's language if it is clear and explicit ([Civ. Code, ]§ 1638). Unless the parties have indicated a special meaning, the contract's words are to be understood in their ordinary and popular sense.  ([Civ. Code, ]§ 1644; [citations].)"  (*Crawford v. Weather Shield Mfg., Inc.* (2008) 44 Cal.4th 541, 552.) "Interpretation of a contract is solely a question of law unless the interpretation turns upon the credibility of extrinsic evidence."  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 799.)

Here, the indemnification provision requires SSI to indemnify Plastipak for damages, including attorney fees, assessed against or incurred by Plastipak as a result of SSI's employees' "negligent acts, omissions, [or] willful misconduct."  The term "willful misconduct" has been defined in other contexts as "intentional, wrongful conduct done either with knowledge that serious injury probably will result or with a wanton and reckless disregard of the possible result."  (*Colich & Sons v. Pacific Bell* (1988) 198 Cal.App.3d 1225, 1242; *Felburg v. Don Wilson Builders* (1983) 142 Cal.App.3d 383, 391–392.)  A party relying on willful misconduct is required to "state facts more fully than in ordinary negligence cases." (*Colich*, at p. 1241.)

Cross-complainants do not cite any authority in their opening brief that supports their assertion that filing a sexual harassment complaint constitutes a negligent act, omission, or willful misconduct.  They assert that it would be if Stelmach were lying but the FACC does not allege that; rather, it alleges sexual contact did not occur or if it did, it was consensual.  Moreover, it does not allege anything concerning Stelmach's claims of sexual harassment prior to the alleged sexual contact.

As cross-defendants assert, Stelmach's filing of her sexual harassment lawsuit was protected activity.  The constitutional right to petition includes filing litigation.  (*Briggs v.*

13.

*Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115.)  " 'Filing a lawsuit is an act in furtherance of the constitutional right of petition, regardless of whether it has merit.' " (*Trapp v. Naiman* (2013) 218 Cal.App.4th 113, 120.)  In addition, filing a legal action is protected by the litigation privilege of Civil Code section 47.  (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1249; *Feldman v. 1100 Park Lane Associates* (2008) 160 Cal.App.4th 1467, 1486.)  Finally, prosecuting a sexual harassment action constitutes "protected activity" within the meaning of FEHA, which prohibits employers from discriminating against anyone who "has filed a complaint … *in any proceeding* " under FEHA.  (Gov. Code, § 12940, subd. (h), italics added; *Diego v. City of Los Angeles* (2017) 15 Cal.App.5th 338, 363 [filing racial discrimination lawsuit is protected under Gov. Code, § 12940, subd. (h)].)  It follows that if filing a sexual harassment lawsuit is protected activity, it cannot be considered a negligent act or willful misconduct.

In their reply brief, cross-complainants respond that filing a lawsuit based on false claims of sexual assault triggers the indemnity provision.  They argue the term "willful misconduct" includes "bad faith lawsuits."  The FACC, however, does not allege Stelmach's lawsuit was brought in bad faith, and filing a lawsuit in "bad faith," without more, does not constitute willful misconduct.  After all, " 'the litigation privilege applies without regard to "motives, morals, ethics or intent." ' " (*Feldman v. 1100 Park Lane Associates*, *supra*, 160 Cal.App.4th at p. 1490.)  While cross-complainants question whether cross-defendants may assert the litigation privilege, they miss the point, which is that since filing a sexual harassment complaint is protected activity it cannot constitute wrongful conduct even if filed for an improper motive.  As such, it is irrelevant who may assert the privilege.

For the first time in their reply brief, cross-complainants assert that since the litigation privilege does not extend to filing false police reports (Civ. Code, § 47, subd. (b)(5)) or malicious prosecution actions (*Action Apartment Assn., Inc. v. City of*

14.

*Santa Monica*, *supra*, 41 Cal.4th at p. 1242; *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057), they can allege "a malicious prosecution predicate willful misconduct claim." The FACC does not allege malicious prosecution, which requires a plaintiff to "demonstrate that the prior action (1) was initiated by or at the direction of the defendant and legally terminated in the plaintiff's favor, (2) was brought without probable cause, and (3) was initiated with malice." (*Siebel v. Mittlesteadt* (2007) 41 Cal.4th 735, 740.)[2]

While cross-complainants correctly assert we may consider this possible amendment even though they did not raise it in the trial court, they did not assert in their opening brief that they could amend the FACC to state a malicious prosecution claim. We do not consider points raised for the first time in a reply brief absent good cause for the failure to present them earlier. (*Nordstrom Com. Cases* (2010) 186 Cal.App.4th 576, 583.) "Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue." (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 276.) Since cross-defendants had no opportunity to address this new issue, we treat is as forfeited.

Because the FACC does not allege Stelmach engaged in willful misconduct, the trial court did not err in sustaining the demurrer to the express contractual indemnity claim and did not abuse its discretion in denying leave to amend.

### C.   *Implied and Equitable Indemnity*

Equitable indemnity "permit[s] a concurrent tortfeasor to obtain partial indemnity from other concurrent tortfeasors." (*American Motorcycle Assn. v. Superior Court*

---

**2**      The prior action is not legally terminated until the judgment is either affirmed on appeal or the time to appeal has passed. (*Rich v. Siegel* (1970) 7 Cal.App.3d 465, 469.) If the action is still pending, "there has been no *favorable termination*, and a malicious prosecution suit will not lie." (*Ibid.*)

(1978) 20 Cal.3d 578, 598.) Implied contractual indemnity is considered a form of equitable indemnity and is subject to the rules governing equitable indemnity claims. (*Prince v. Pacific Gas & Electric Co.*, *supra*, 45 Cal.4th at pp. 1157, 1165.) A party's liability under both implied contractual indemnity and equitable indemnity "is based on its *proportional share of responsibility* for the damages to the injured party." (*Id.* at p. 1165; *Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 573 [under both implied and equitable indemnity, "the indemnitee and the indemnitor must share liability for the injury"].)

The elements of a claim for indemnity are a showing of the indemnitor's fault and resulting damages to the indemnitee for which the indemnitor is equitably responsible. (*Bailey v. Safeway, Inc.* (2011) 199 Cal.App.4th 206, 217.) If the parties have expressly contracted with respect to the duty to indemnify, reliance on the independent doctrine of equitable indemnity is improper. (*Oltmans Construction Co. v. Bayside Interiors, Inc.* (2017) 10 Cal.App.5th 355, 361; *McCrary Construction Co. v. Metal Desk Specialists, Inc.* (2005) 133 Cal.App.4th 1528, 1536.)

The trial court sustained the demurrer to the causes of action for implied and equitable indemnity without leave to amend because there was a contractual indemnity provision in the contract between Plastipak and SSI, and neither the complaint nor the FACC stated any facts suggesting BSW would bear liability for any judgment rendered in Stelmach's favor and against Plastipak. The trial court's findings comport with the law stated above and the allegations of the complaint and FACC, which do not allege either SSI or BSW would bear liability for any judgment rendered against Plastipak or Barahona if Stelmach prevailed on her complaint.

Cross-complainants assert the trial court erroneously dismissed these claims because it failed to consider "other players," such as Barahona and BSW, who "were not parties to the express indemnity agreement." But that is belied by the trial court's ruling on the demurrer to the FACC, in which the trial court found cross-complainants failed to

16.

state facts to support these claims because they did not allege fault on the part of BSW. Cross-complainants do not contend that this finding is erroneous.

Cross-complainants also speculate "the Court may later rule that express indemnity cause of action is not binding because of a technicality, such as being out of the scope of the indemnity agreement or because the Contract is void." These assertions are meritless. Even though the indemnity clause does not cover Stelmach's conduct as alleged in the FACC, the implied and equitable indemnity claims remain barred. Cross-complainants do not cite any authority to the contrary, and there is nothing to suggest that any party contends the contract is void.

Cross-complainants raise new arguments in their reply brief—that Plastipak's obligation to indemnify Barahona is an expense, damage, or injury contemplated by the indemnification provision and Barahona is a third-party beneficiary under the contract. Although cross-complainants raise this argument under a heading addressing the implied and equitable indemnity claims, they do not explain how it pertains to those claims. If Barahona were a party to the contract, he cannot maintain the equitable indemnity claims, and if he were not a party to the contract, the FACC fails to allege SSI or BSW were at fault for Stelmach's injuries. Thus, Barahona cannot maintain any of the indemnity claims. Moreover, because cross-complainants failed to raise the issue in their opening brief and do not explain the reason for the delay, they have forfeited the argument.

In sum, cross-complainants have failed to show the trial court erred in sustaining the demurrer to the implied and equitable indemnity claims or abused its discretion in denying leave to amend.

## II.    Summary Judgment

Cross-complainants assert we should reverse the grant of summary judgment because triable issues of fact exist on the issue of indemnification and breach of contract.

17.

## A.    *The Summary Judgment Motion*

After the trial court disposed of the indemnity causes of action on demurrer, only the breach of contract and declaratory relief claims remained.  In moving for summary judgment on these claims, cross-defendants asserted that while the FACC alleged cross-defendants breached the contract by failing to indemnify Plastipak, the trial court's rulings on the demurrers narrowed the scope of the breach of contract claim to one alleged breach—that cross-defendants breached their contractual obligation to provide general liability insurance that covered Plastipak.

As we have stated, the contract required SSI to provide Plastipak with "certificates of insurance evidencing effective insurance policies" that included "general liability insurance for $1,000,000.00 per occurrence and $2,000,000.00 in the aggregate, with a 30 day notice of cancellation and PLASTIPAK being named as an additional insured party." The FACC alleged SSI and BSW breached this provision "by failing to maintain an effective general liability insurance policy for $1,000,000.00 per occurrence and $2,000,000.00 in the aggregate, with a 30 day notice of cancellation, and by failing to name PLASTIPAK as an additional insured party."

Cross-complainants presented evidence with their moving papers that SSI maintained general liability insurance with Zurich Insurance Group with a policy period beginning January 1, 2018, and ending January 1, 2019, which included a requirement of 30 days' notice of cancellation, an aggregate limit of $2 million, and an occurrence limit of $1 million.  Cross-defendants did not dispute these facts.  Cross-complainants also presented evidence that Plastipak was an additional insured on the general liability policy for the period January 1, 2018, to January 1, 2019.[3]

---

[3]    Cross-defendants have filed a motion to augment the record with a document omitted from the clerk's transcript that was filed with the superior court entitled, "EXHIBIT INDEX AND EXHIBITS IN SUPPORT OF STAFFING SOLUTIONS, INC.'S AND BALANCE STAFFING WORKFORCE, LLC'S MOTION FOR SUMMARY JUDGMENT."  Cross-defendants provided a certified copy of the 187-page

In opposing the motion, cross-complainants disputed that Plastipak was an additional insured on the policy. They asserted they were not provided with a complete policy in discovery, as several coverage parts were missing, including coverage for employee benefits liability and abusive acts liability. Cross-complainants argued that because cross-defendants did not provide all the coverage parts, cross-defendants failed to meet their burden of establishing they named Plastipak as an insured on the general commercial liability policy.

In support of these assertions, cross-complainants presented Stargardter's declaration, who they described as a "retained insurance expert." Stargardter asserted SSI attached only a portion of the commercial general liability insurance policy to the summary judgment motion and the missing endorsements needed to be examined to determine if Plastipak was named as an additional insured under the policy. Stargardter asserted that while SSI provided evidence Plastipak was added to the general commercial coverage, SSI failed to provide evidence Plastipak was added to the additional coverage. Stargardter opined abusive acts liability coverage would likely provide coverage for

---

document with their motion. Cross-complainants oppose the motion. They assert that prior to the hearing on the summary judgment motion they were not served with the complete document, but rather only received pages 1 through 170. They argue that because they were not served with the complete document, we should only augment the record with pages 1 through 170 and deny the motion with respect to pages 171 through 187.

We grant the augmentation request with respect to the entire document. Under California Rule of Court, rule 8.155(a)(1)(A), we may augment the record with any document filed in the case in superior court. The superior court clerk has certified that the entire document was filed in the superior court. To the extent cross-complainants were not served with the entire document prior to the summary judgment hearing, which would have been apparent upon review of the separate statement and the document, it was incumbent on them to raise that objection in the trial court. Having failed to do so, they cannot complain on appeal that they did not receive the entire document. (*Smith v. County of Los Angeles* (1989) 214 Cal.App.3d 266, 284 [admissibility of evidence not reviewable on appeal absent a specific and timely objection at trial on the ground sought to be urged on appeal].)

19.

sexual abuse or sexual harassment, and the only way to determine if Plastipak was an additional insured under the employment related practices liability, professional liability, and abuse acts liability coverage forms was to examine those forms.

Cross-complainants also submitted evidence concerning their claim that cross-defendants breached the contract's indemnity provision by failing to indemnify them for Stelmach's willful misconduct. They argued the evidence showed Stelmach lied about the sexual assault, which triggered SSI's express indemnification duty under the contract and created an issue of material fact regarding whether SSI breached the contract.[4]

In their reply brief, cross-defendants asserted Plastipak was trying to create issues of fact on the indemnity claims that were not at issue in the motion, as those claims were dismissed after the trial court sustained cross-defendant's demurrer. Cross-defendants asked the court to disregard Plastipak's attempt to create triable issues of fact on issues not before the court, namely, the purported revival of a contractual indemnity cause of action, as the trial court narrowed the remaining issues to whether SSI breached the contract regarding the provision of insurance coverage.

Cross-defendants argued the only remaining issues were whether SSI: (1) held the requisite limits of general liability insurance pursuant to the contract; (2) provided certificates of insurance to Plastipak evidencing those limits; and (3) named Plastipak an additional insured on the policy. Cross-defendants asserted it presented evidence to show each of these facts and Plastipak's opposition failed to provide any material evidence placing any of these facts in issue.

Cross-defendants further argued that even if Plastipak provided material evidence regarding the coverage issue, Plastipak was not damaged since there was no potential for

---

[4]     Cross-complainants further argued BSW was liable as an alter ego of SSI and the summary judgment motion was not timely served. Cross-complainants concede alter ego liability is not an issue in the appeal and do not argue that the judgment should be reversed because the motion was untimely served.

indemnity under the contract. Cross-defendants noted they objected to Plastipak's evidence on theories not pleaded and the court should disregard Plastipak's request for indemnity because it was not before the court. Cross-defendants filed written objections in which they objected to: (1) paragraphs 33 through 91 of Plastipak's opposition to cross-defendants' separate statement on the ground it contained facts that were irrelevant to the disposition of the motion; (2) portions of declarations from Plastipak's in-house counsel and cross-defendant's attorney; (3) portions of Stargardter's declaration; and (4) certain exhibits.

Following oral argument, the trial court granted the summary judgment motion. The trial court found cross-defendants met their prima facie burden of producing evidence to show Plastipak could not establish its breach of contract and declaratory relief claims, which shifted the burden to Plastipak to submit admissible evidence demonstrating the existence of a material factual dispute. The trial court found Plastipak failed to carry this burden, as the undisputed evidence showed cross-defendants complied with the contract's requirement to provide general liability insurance covering Plastipak as an additional insured. Therefore, Plastipak could not establish its claim for breach of contract and there was no justiciable controversy to support its declaratory relief claim.

The trial court ruled on cross-defendants' objections, sustaining some and overruling others. With respect to Stargardter's declaration, the trial court explained: "[T]he Court does not rule on the specific objections argued by Cross-Defendants and finds them to be MOOT on the grounds that the Court's previous ruling in connection with Cross-Defendants' motion regarding Ms. Stargardter's deposition found that her entire declaration herein has been rendered inadmissible by Cross-Complainant's decision not to disclose her as a retained expert who is anticipated to testify at trial."

### B.    *Standard of Review*

A trial court properly grants summary judgment when there are no triable issues of material fact, and the moving party is entitled to judgment as a matter of law. (Code Civ.

21.

Proc., § 437c, subd. (c).) "A defendant may establish its right to summary judgment by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (p)(2).) Once the moving defendant has satisfied its burden, the burden shifts to the plaintiff to show that a triable issue of material fact exists as to each cause of action. [Citation.] A triable issue of material fact exists where 'the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.' " (*Neiman v. Leo A. Daly Co*. (2012) 210 Cal.App.4th 962, 967.)

"In evaluating the propriety of a grant of summary judgment our review is de novo, and we independently review the record before the trial court." (*Zavala v. Arce* (1997) 58 Cal.App.4th 915, 925, fn. omitted.) We may affirm the judgment "on any correct legal theory, provided the opposing party had the opportunity to address it below." (*Vallely Investments v. BancAmerica Commercial Corp.* (2001) 88 Cal.App.4th 816, 821.) In our review "we must consider all of the evidence and all of the inferences reasonably drawn therefrom, and we must view such evidence in the light most favorable to the opposing party." (*Alexander v. Codemasters Group Limited* (2002) 104 Cal.App.4th 129, 139.) This means we accept as true the facts shown by the evidence offered in opposition to summary judgment and the reasonable inferences that can be drawn from them. (*Spitzer v. Good Guys, Inc.* (2000) 80 Cal.App.4th 1376, 1385.)

## C.    *Breach of Insurance Coverage Provision*

Cross-complainants assert the trial court abused its discretion in declining to consider Stargardter's opinion because: (1) Stargardter was retained at the last minute in response to evidence cross-defendants produced and there was no time to schedule a hearing to amend the expert witness list; and (2) only experts need to be disclosed and the pertinent part of Stargardter's declaration, namely, that the entire insurance policy was

22.

not provided to cross-complainants, was not an expert opinion and the point could be made by attorney argument.

While cross-defendants had the burden of proving their right to summary judgment in the trial court, cross-complainants bear the burden on appeal to demonstrate that the trial court erred. "In the absence of such a showing, we presume the judgment is correct." (*Frank and Freedus v. Allstate Ins. Co.* (1996) 45 Cal.App.4th 461, 474; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" '[a] judgment or order of the lower court is *presumed correct*' "].) Cross-complainants must present legal authority and factual analysis on each point raised, with appropriate citations to the material facts in the record, or we may deem the argument forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656; *Boyle v. CertainTeed Corp*. (2006) 137 Cal.App.4th 645, 649–650 ["party asserting trial court error may not then rest on the bare assertion of error but must present argument and legal authority on each point raised"].)

Here, cross-complainants fail to cite to *any* legal authority to support their claim that the trial court abused its discretion in disregarding Stargardter's declaration. The trial court ruled Stargardter's declaration was inadmissible based on a prior ruling on another motion cross-defendants brought concerning Stargardter's deposition, in which the trial court found cross-complainants decided not to disclose her as a retained expert who is expected to testify at trial. Cross-complainants do not explain why that ruling was erroneous, other than to assert they did not have time to designate Stargardter as an expert, and they do not cite any authority to support their claim of error. Moreover, the appellate record does not include the motion concerning Stargardter's deposition or the ruling on which the trial court based its decision, the absence of which requires us to resolve the issue against cross-complainants. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [" '[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]' "].) For these reasons, cross-complainants have failed to meet their burden of showing error with respect to Stargardter's declaration.

23.

The parties' contract required SSI to obtain "general liability insurance" for $1 million per occurrence and $2 million in the aggregate with a 30-day notice of cancellation that named Plastipak as an "additional insured party." It is undisputed that SSI maintained a commercial general liability insurance policy for the 2018 calendar year that required 30 days' notice of cancellation and had a $2 million aggregate limit and $1 million occurrence limit. Cross-defendants' evidence further showed that Plastipak was an additional insured on the commercial general liability coverage. Since the contract required Plastipak to be insured only for general liability, cross-defendants met their burden of showing they did not breach the contract because they provided the required insurance coverage. (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1003 [where the plaintiff would have the burden of proof by a preponderance of the evidence, a defendant moving for summary judgment must present evidence "that would preclude a reasonable trier of fact from finding that it was more likely than not that the material fact was true"].)

Plastipak asserts cross-defendants did not meet their burden, or at least there is an issue of fact, because cross-defendants did not attach the entire commercial insurance policy to their moving papers. Plastipak correctly points out that SSI's commercial insurance policy was comprised of multiple coverage parts: commercial general liability; employee benefits liability; employment related practices liability; stop gap liability; professional liability; abusive acts liability; hired and non-owned auto liability; and crime coverage. Plastipak also is correct that only the commercial general liability coverage part was attached to cross-defendants' motion and the additional insured endorsement only applied to that coverage part.

Plastipak complains that without the additional coverage parts, it is impossible to tell whether Plastipak was named as an additional insured on those parts. Plastipak in particular focuses on the abusive acts liability coverage, suggesting that it may provide coverage for Stelmach's lawsuit if Plastipak were named an additional insured on that

24.

part. Plastipak asserts it needed additional time to conduct discovery, which it claims was delayed by cross-defendants' obstructive behavior, so it could produce this part, which may create an issue of fact if Plastipak were not named as an additional insured.

Whether Plastipak was named as an insured on the abusive acts liability part of the commercial insurance policy, however, is irrelevant to Plastipak's breach of contract claim. As cross-defendants assert, the contract required Plastipak to be named as an additional insured on "general liability insurance." It did not require SSI to obtain additional coverage parts, such as abusive acts liability coverage, or to insure Plastipak on those parts. Accordingly, even though cross-defendants did not produce the entire commercial insurance policy, they satisfied their burden of showing they did not breach the contract as they provided the insurance required under the contract. Since Plastipak did not present any evidence to show a breach of this contract provision, the trial court did not err in granting summary judgment on the breach of contract claim.[5]

### D.     *Breach of Indemnity Provision*

The FACC also alleged cross-defendants breached the contract by failing to defend and indemnify Plastipak. Cross-complainants argue there was evidence before the trial court on the summary judgment motion sufficient to create a triable issue of fact on whether cross-defendants had a duty to indemnify them and therefore breached the contract.

Cross-complainants also argue a "Judgment on Jury Verdict" that was entered in their favor on December 28, 2022, following a trial on Stelmach's complaint, is "compelling evidence" there is an issue of fact regarding whether Stelmach "was being honest or was lying and/or manufacturing a claim" and therefore committed a negligent

---

[5]     Cross-complainants do not contend the declaratory relief cause of action would survive if the breach of contract claim did not.

25.

act or willful misconduct.[6] Cross-complainants assert the trial court improperly granted summary judgment on the breach of contract claim. They further assert the jury verdict shows leave to amend should be granted on the contractual indemnity claim to assert malicious prosecution as a predicate for willful misconduct, as the verdict proves the viability of a malicious prosecution cause of action.

The judgment on the jury verdict, however, is not in the appellate record, as it was rendered after summary judgment was granted on the FACC. Cross-complainants have moved to augment the record with it pursuant to California Rules of Court, rule 8.155(a). Cross-defendants oppose the motion. "Augmentation does not function to supplement the record with materials not before the trial court…. '[W]hen reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' " (*Vons Companies, Inc. v. Seabest Foods, Inc*. (1996) 14 Cal.4th 434, 444, fn. 3; *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1 ["[a]s a general rule, documents not before the trial court cannot be included as part of the record on appeal"].) Accordingly, we deny cross-complainants' motion to augment the record.[7]

---

[6]     We note that Stelmach's appeal from the judgment on the jury verdict is pending in this court in *Stelmach v. Plastipak Packaging, Inc.,* case no. F085844.

[7]     In a reply brief on the motion to augment, cross-complainants ask us to exercise our discretion to consider the verdict and make factual determinations under Code of Civil Procedure section 909, asserting that statute is "simply the vehicle chosen for considering this evidence." While that statute and California Rules of Court, rule 8.252, grant appellate courts authority to make findings of fact, cross-complainants did not file the requisite motion and, in any event, such authority must be exercised "sparingly" and only under "exceptional circumstances." (*Hill v. San Jose Family Housing Partners, LLC* (2011) 198 Cal.App.4th 764, 769–770.) Since no exceptional circumstances exist here, we deny the request to take additional evidence. We grant cross-complainants' request for leave to file a reply to cross-defendants' motion to augment the record.

At oral argument, cross-defendants' attorney made an oral motion to augment the record with the trial court's order on attorney fees, which the attorney asserted was

With respect to the evidence cross-complainants produced with their opposition to the summary judgment motion on the issue of indemnity, cross-defendants did not move for summary judgment based on the factual allegations that cross-defendants breached the contract by failing to indemnify Plastipak. Rather, they asserted the alleged breach of the duty to indemnify Plastipak was not before the court because the court disposed of the indemnity claims when it sustained the demurrer to the express contractual indemnity claim. Although the trial court did not expressly rule on this contention, by granting summary judgment only on the insurance coverage issue the trial court impliedly determined the indemnity claim was not before it.

On appeal, cross-complainants do not contend the trial court erred in disregarding the indemnity portion of the breach of contract claim. Essentially, the breach of contract claim was duplicative of the express contractual indemnity claim—both claims were premised on cross-defendants' alleged breach of their obligation to indemnify Plastipak for liabilities arising from Stelmach's complaint. (See *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821 [elements of breach of contract]; *Four Star Electric, Inc. v. F&H Construction* (1992) 7 Cal.App.4th 1375, 1380 [elements of express contractual indemnity].) Specifically, the express contractual indemnity claim alleged that while cross-complainants attempted to tender the defense of Stelmach's litigation, cross-defendants "refused and failed to indemnify, defend, or hold [cross-complainants] harmless in the instant litigation," and the breach of contract cause of action alleged cross-defendants "failed to defend, indemnify and hold [Plastipak] harmless for any claim, loss, damage … arising directly or indirectly" from cross-defendants' "performance of the contract or in connection with the performance of the work." As the two causes of action are based on the same facts, if cross-complainants did not state a

relevant to show Stelmach's claims were not frivolous. As we stated at oral argument, we deny the motion as untimely.

27.

claim for express contractual indemnity, they could not maintain a claim for breach of the contractual indemnity provision.

Since cross-complainants have not shown how the trial court erred in granting summary judgment on the breach of contract claims, we must affirm the grant of summary judgment.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to cross-defendants.


                                                                    DE SANTOS, J.

WE CONCUR:


LEVY, Acting P. J.


POOCHIGIAN, J.